# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                    NO. 2022 KW 1361

VERSUS

MESHELL A. HALE                                    **DECEMBER 29, 2022**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 06-18-0117.

---

**BEFORE:    WELCH, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** Bail may be allowed after sentence and until final judgment if the sentence exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community, or that there is a substantial risk that the person convicted might flee. See La. Const. art. I, § 18(A). See also La. Code Crim. P. art. 312(F). The defendant was convicted of the second degree murder of her live-in boyfriend and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. There is a significant difference between pretrial detention and postconviction confinement. See **Vance v. Daniel**, 2021-0085 (La. App. 1st Cir. 6/4/21), 2021 WL 2283690; **Jacoby v. State**, 434 So.2d 570, 576 (La. App. 1st Cir.), writ denied, 441 So.2d 771 (La. 1983). The defendant's conviction removes the presumption of innocence. See **State v. Gleason**, 2021-01788 (La. 11/1/22), 349 So.3d 977. Nevertheless, in this case, the district court set the postconviction bond in the same amount set for pretrial bond with no indication that this significant factor was considered. Therefore, we find the district court abused its discretion by setting postconviction bond in the same amount the court set for pretrial bond. Accordingly, the order setting bond at $300,000.00 is vacated, and this matter is remanded to the district court for further proceedings consistent with this opinion.

**AHP**
**WIL**

**Welch, J.,** concurs. Due to the unique facts and circumstances of this case, I find the district court abused its discretion in setting postconviction bond in this case. I believe the defendant presents a danger to the public and is a flight risk.

COURT OF APPEAL, FIRST CIRCUIT

a.GN

_____
DEPUTY CLERK OF COURT
FOR THE COURT